UNITED STATES DISTRICT COURT
EASTERN DISTRICT of VIRGINIA

YURI COUTO,

an individual,

           -against-

NAVY FEDERAL CREDIT UNION,
a Virginia corporation.

Serve on CFO:
Mary A. McDuffie, CFO
820 Follin Ln SE
Vienna, VA 22180

1:23 CV 1546
(Include case number if one has been assigned)

**CIVIL COMPLAINT**

Do you want a jury trial?
★ Yes

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I. BASIS FOR JURISDICTION

Under 28 U.S.C. § 1332, a diversity case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000.

★ **Diversity of Citizenship**

### 1. Citizenship of the parties

The plaintiff, <u>YURI COUTO</u>, is a citizen of the State of <u>Florida</u>.

The defendant, <u>NAVY FEDERAL CREDIT UNION</u>, has its principal place of business in the State of <u>Virginia</u>, with an unknown state of incorporation.

## II. PARTIES

### A. Plaintiff Information

> YURI J COUTO
> 9302 N 28th St
> Tampa, FL 33612
> Hillsborough County
> 813-846-2395
> Yuric96@yahoo.ca

### B. Defendant Information

Name: NAVY FEDERAL CREDIT UNION

Address for Service of Process:

> NAVY FEDERAL CREDIT UNION
> Attn: Mary A. McDuffie, CFO
> 820 Follin Ln SE
> Vienna, VA 22180

## III. STATEMENT OF CLAIM

Place(s) of occurrence:   820 FOLLIN LN SE, VIENNA, VA 22180

Date(s) of occurrence:   10/6/23

**Whereas** Navy Federal Credit Union ("NFCU," or the "Bank") is a federal reserve member bank, Plaintiff (the "Principal," or "Account Holder") hereby makes this claim for **breach of contract** by Defendant regarding Plaintiff's accounts for credit card XXXXXXXXXXXX0511, personal loan XXXXXXXXXX2881, and auto loan application XXXXXXXXXX0550.

**Definitions:**

"Fraud-Block" – Any system, embedded in or being utilized by a credit card account, that seeks to inhibit, stop, block, or otherwise restrict a transaction for its size, frequency, recipient, sender, or otherwise, coming from an account holder, that would be deemed by the system as a possible fraudulent act or assumed criminal activity.

"Payment" – Satisfaction of a debt in coin of the realm. Hettrick Mfg. Co. v. Barish, 120 Misc.Rep. 673, 199 N.Y.S. 755, 760. The performance of an agreement. A discharge of an obligation or debt. Hattrem v. Burdick, 138 Or. 660, 6 P.2d 18,19

Complaint, Couto v. Navy Federal Credit Union                                         Page | 3 of 8

**FACTS:**

1. The Bank has received verified delivery of several indorsed bills of exchange or coupon payment instruments (Exhibits P-1, P-4, P-5, P-9, P-12, P-13), as well as a promissory note instrument (Exhibit P-8) with instructions for tender (Exhibits P-2, P-6, P-10, P-14) informing the Bank that the Principal wishes to utilize its Interest and Equity in the accounts for set-off. Account set-offs have not occurred despite multiple notices made to the Bank stating Principal's requested fiduciary action. The Bank has refused to honor Principal's decision to utilize its interest and equity to settle the accounts, and has ignored all payments made by Principal for said accounts, while cutting off access to Principal's credit, and sending written notices claiming an outstanding balance on the accounts or otherwise demanding payment (Exhibits P-16, P-17).

2. The Account Holder (the "Principal") is due the total value of the instruments mailed to the Bank. The Principal has made multiple requests to the Bank instructing the Bank to utilize the balance owed to the principle for account set-off, and to re-open the credit card account for use without credit limit, but has been ignored (Exhibits P-21, P-18, P-20). The Bank's denial of Principal's access to his credit is a violation of fiduciary duty, securities fraud, trust fraud, and identity theft.

3. The total value of the security funds for the credit card and personal loan accounts delivered to the Bank, and owed to the Principal, is $133,682.50 (one hundred thirty three thousand, six hundred eighty two and 50/100 dollars, the "Mailed Amount").

4. Additionally, the Principal has submitted an application instrument to the Bank on 9/21/23 for an Auto Loan Credit Transaction (the referenced "Application"), and prepaid

the loan thereby, but the Bank has denied credit of funds to Principal, i.e., breached contract (<u>Exhibit P-19</u>).

5. The total amount of the Auto Loan Application instrument, based on a principal amount of <u>$500,000</u> plus the Principal's hereby approved finance charge (pursuant to Title 15 USC §1605) of exactly <u>5,730,000%</u> annual interest (five million, seven hundred thirty thousand percent) with interest-only payments for 84 months for the car loan Application, is <u>$200 Billion</u> (two hundred billion and 00/100) dollars (the "Total Financed Amount").

6. Defendant's actions have caused me great distress mentally, emotionally, physically and financially by not having access to my Principal's estate, which I am to be responsibly managing and in full control of at all times.

7. Bank's refusal to grant the Principal rightful access to and utilization of his credit, equity and interest in the accounts is a violation of Federal Reserve Act ("FRA") Section 23A(c), which states Bank must maintain 100 per centum of the amount of their extensions of credit to affiliates as security collateral at all times. Violations of said act shall constitute Civil Money Penalties as outlined by Section 29 of the FRA, which include penalties of up to <u>1% of the Bank's total assets per business day</u> of occurrence of the Bank's breach of fiduciary duty, payable to the US Treasury.

## IV. RELIEF

Plaintiff seeks a court injunction requiring Defendant to perform the following:

1. **Either** NFCU applies the Principal's only approved interest rate (5,730,000%) to the Application instrument and delivers the Application's Total Financed Amount ($200 Billion dollars) to Principal's NFCU checkings account, **OR** if NFCU elects to perform the Application contract without interest, then NFCU delivers the principal amount ($500,000) of the Application to Principal's NFCU checkings account or other bank of Principal's choice immediately.

2. To apply the total value of the Principal's instruments to the referenced accounts immediately for set-off in full, and

3. To refund to the Principal's NFCU checkings account immediately all account overpayments of the total securities mailed to Defendant ($133,682 .50), and

4. To reinstate full operation of the Principal's credit card account immediately, with:

    a. at minimum a $300 Million (three hundred million dollars) credit limit, with

    b. maximum cash advance or convenience check capability (for up to 100% credit limit utilization, deliverable by wire transfer or other electronic means directly to Principal's bank account of choice within one business day of request).

5. The Bank shall accept and promptly process all past and future indorsed bill coupon payments for account set-off, without delays.

6. No transaction size limits or fraud-blocks shall be placed on the credit card account. No transaction denials will occur at all without express authorization of the Principal in writing.

7. After reinstatement, <u>any future cancellation or closing of the account shall be done only with the express authorization of the Principal in writing</u>.

8. Principal's card shall be utilizable globally, wherever the Bank maintains services worldwide, and

9. The Bank shall issue any and all additional requested cards for any Additional Cardmembers at request of the Principal, and

10. The Principal shall have full authority to change, manage or update the credit limit and cash advance/convenience check limit for the remainder of the account's operation.

11. If requested by the Principal at any time, the Bank shall accept duties as a limited agent via power of attorney for the Principal for the specific authority to issue convenience checks or cash advances to the Principal on its behalf, and/or perform acceptances and indorsements of bills, coupons, notes or other instruments related to the referenced accounts for monthly set-off, explicitly as instructed by the Principal in writing, with monthly informative statements of such activity.

Lastly, Principal also hereby seeks relief pursuant to the Federal Reserve Act Section 29(c.) Third Tier, Civil Money Penalty ("FRA"). As of 10/6/23, the Bank has been in violation of the FRA. The amount sought is **20% of the Bank's total assets**, payable to the US Treasury.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

I declare under penalty of perjury that no attorney has prepared or assisted in the preparation of this document.

11/8/2023                                                          /s/ Couto, Yuri-Jacintho: Agent

Dated                                                                    Plaintiff's Signature

        YURI J COUTO
        9302 N 28th St, Tampa, FL 33612, Hillsborough County
        813-846-2395
        Yuric96@yahoo.ca