IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| YURI COUTO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.  1:23-cv-1546-MSN-LRV |
| | ) |
| NAVY FEDERAL CREDIT UNION | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Navy Federal Credit Union ("Navy Federal") hereby submits this Memorandum in support of its Motion to Dismiss Plaintiff's claims pursuant to Rule 12(b)(6).

## BACKGROUND

1.     *Pro se* Plaintiff is a member[1] of Navy Federal.  Dkt. 1-1 p. 34.

2.     In April 2023, Plaintiff applied for and received a Personal Loan for $16,400 from Navy Federal.  *See* Dkt. 1, p. 3; Dkt. 1-1 p. 17.

3.     Plaintiff also applied for and was provided a Credit Card from Navy Federal.  *See* Dkt. 1, p. 3.  The Credit Card had a balance of $19,735.18 as of October 23, 2023 arising from charges incurred by Plaintiff in purchasing goods and services.  Dkt. 1-1 p. 34.

4.     Despite agreeing to be contractually liable for repaying the balance of both the Personal Loan and Credit Card, Plaintiff has not made his required repayments on either debt.

5.     Instead, on a number of occasions when Navy Federal has sent Plaintiff a copy of his account statement, showing amounts due and requesting payment, Plaintiff has responded by

---

[1] As a federally chartered credit union, individuals who use Navy Federal products and services must be credit union members and are therefore referred to as "members" rather than customers.

1

sending back a portion of the statement with his signature under the words "restricted indorsement, accepted for deposit" on one side and the words "accepted for deposit, payable to bearer" or similar language, on the opposite side. *See* Dkt. 1-1, pp. 1-2; 6-11; 20-21; 25-28.

6. As best as can discerned, Plaintiff seems to allege that each time he signs an account statement in his unique way, the piece of paper he signed becomes worth the very amount of the debt balance reflected on the statement. *See id.*, p. 14. Thus, for example, he seems to be claiming that when he signed the July 2023 Credit Card statement which showed a balance owing of $19,735.18, that document became worth $19,735.18.

7. As best as it can be further discerned, Plaintiff's main claim in this case is that Navy Federal has somehow breached its contract with him by not crediting his accounts for these signed account statements. *See* Dkt. 1, p.3; p.4 at ¶ 1.

8. In September 2023, Plaintiff also applied for an auto loan in the amount of $500,000 (the "Auto Loan Application"). *See* Dkt. 1, p.3, p. 5. Navy Federal declined to make the requested loan. *See* Dkt. 1-1, p. 39.

9. Plaintiff alleges that Navy Federal somehow breached a contract by denying him the $500,000 loan. *See* Dkt. 1, pp. 4-5, at ¶ 4.

10. Plaintiff appears to allege a third claim against Navy Federal under Sections 23A and 29 of the Federal Reserve Act. *See id.*, p.5, ¶ 7.

11. Among other things, Plaintiff's Complaint seeks: (i) $200 billion related to the Auto Loan Application; (ii) cancellation of Plaintiff's debts to Navy Federal; (iii) a $300 million limit on his credit card; and (iv) 20% of Navy Federal's total assets. *Id.*, p. 7-8.

12. Around the same time Plaintiff filed the instant case, he filed a variety of similar claims in various federal courts. *See Couto v. JPMorgan Chase & Co.,* 1:23-cv-9306

(SDNY 2023); *Couto v. American Express Company.,* 1:23-cv-10085 (SDNY 2023); *Couto v. USAA Federal Savings Bank,* 5:23-cv-1389 (W.D. Tex. 2023); *Couto v. Teco Energy, Inc.,* 8:23-cv-2689 (M.D. Fla. 2023).

13. Although Plaintiff filed a proof of service with the Court (Dkt. 5), that filing indicates he "served" the process by certified mail, which is not permitted. *See* FRCP 4; Va. Code §8.01-296. Navy Federal received the package Plaintiff mailed on November 27, 2023, which can be confirmed by the tracking number Plaintiff included in his proof of service.[2]

14. Because, as explained below, Plaintiff has not stated a claim against Navy Federal, and cannot do so, his Complaint should be dismissed with prejudice.

## STANDARD

To survive a Rule 12(b)(6) Motion to Dismiss, must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a *pro se* complaint is subject to liberal construction, "the liberal pleading standard [does not] excuse a clear failure in the pleadings to allege a federally cognizable claim." *Nomani v. Qarni*, 2023 WL 4203438, at *2 (E.D. Va. 2023).

## ARGUMENT

**A.     Plaintiff Has Not, and Cannot, State A Claim for Breach of Contract Related to the Credit Card or Personal Loan.**

To plead a claim for breach of contract under Virginia law, a plaintiff must plead sufficient facts to establish "three elements: (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Roberts v. Inova Health Care Sys.*, 2023 WL 2602503, at *4 (E.D. Va. 2023) (quoting *Filak v. George*, 267 Va. 612, 619 (Va. 2004)).

---

[2] https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9589071052701338586713.

Plaintiff has attached copies of the written agreements regarding the Credit Card (Dkt. 1-1, p. 43-45) and the Personal Loan (Dkt. 1-1, p. 17-18).

Plaintiff does not, however, cite any obligation in either agreement that Navy Federal has failed to perform. As best as can be discerned, Plaintiff's Complaint is based on his unfounded belief that Navy Federal has unlawfully refused to treat the account statements he signed with the words "accepted" and "payable to bearer" as if they were legal tender worth the value of his account balance. However, as another federal court recently observed, "[o]ne cannot pay a debt by writing 'pay to the bearer' and 'accepted' on a piece of paper, nor turn such into an agreement or a 'security instrument.' This type of argument smacks of a sovereign citizen argument." *Hurt v. Exeter Fin., LLC*, 2023 WL 8088601, at *5 (E.D. Mo. 2023).

Federal courts have repeatedly dismissed claims similar to Plaintiff's *with prejudice* at the motion to dismiss stage. *See, e.g., Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 761 (W.D. Va. 2007) (dismissing claim against mortgagee after plaintiff attempted to pay off $245,000 mortgage with a handwritten "Bill of Exchange"), *aff'd*, 282 F. App'x 260 (4th Cir. 2008); *Hamzat v. Osvaldik*, 2023 WL 5321082, at *1 (E.D. Va. 2023) (dismissing claim that plaintiff's "signed letters sent to T-Mobile constitute legal tender sufficient to discharge her obligation to pay for her monthly cell phone service."); *France v. Mackey*, 2020 WL 6385562, at *6 (D.S.C. 2020) (dismissing claim that plaintiff's drafted "security" was legal tender as "frivolous [and] lacks any discernable legal foundation"), *adopted*, 2020 WL 6384640 (D.S.C. 2020); *Hennis v. Trustmark Bank*, 2010 WL 1904860, at *5 (S.D. Miss. 2010) ("From coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous.").

Navy Federal has never agreed to accept Plaintiff's signed account statements as if they were legal tender, and it is simply not plausible that any financial institution would do so. Plaintiff has not and cannot, demonstrate that Navy Federal breached either agreement. His claims must therefore be dismissed.

**B.     Plaintiff Cannot State a Contract Claim Related to the Auto Loan Application.**

Plaintiff's claim for breach of contract regarding his Auto Loan Application appears even less grounded than the claims discussed above. Plaintiff has not, and cannot, plead an enforceable contract related to the Auto Loan Application.

An application for a loan is a request by a customer for a financial institution to consider entering into an agreement to lend money. In this case, Plaintiff's application requested a $500,000 loan allegedly to purchase an automobile. Considering the extraordinary amount requested and Plaintiff's failure to pay back his other debts to Navy Federal and others, Navy Federal was well within its rights to decline to grant the requested loan.

"To have a valid contract, it requires an offer, acceptance, and consideration." *Hamzat*, 2023 WL 5321082 at *1. Even if one considered Plaintiff's application to be an offer, that offer was clearly and unambiguously rejected by Navy Federal. *See* Dkt. 1-1, p. 39. Consequently, there is no enforceable contract related to the Auto Loan Application, and Plaintiff's claim regarding the same must be dismissed with prejudice.

**C.     Plaintiff Cannot State a Claim Under the Federal Reserve Act.**

Plaintiff's final claim appears to be one under Section 23A and Section 29 of the Federal Reserve Act. However, there is no private right of action under that statute. *See, e.g., White v. Lake Union Ga Partners LLC*, 2023 WL 6036842, at *2 (N.D. Ga. 2023); *Morton v. Am. Express*, 2023 WL 7923927, at *3 (D.S.C. 2023); *Wilson v. Aqua Fin.*, 2023 WL 7924150, at *4

5

(D.S.C. 2023); *Harp v. Police & Fire Fed. Credit Union,* 2023 WL 5152625, at *4 (E.D. Pa. 2023); *Couto v. Teco Energy, Inc.,* 8:23-cv-2689, Dkt. 4 (M.D. Fla. Dec. 6, 2023).

Consequently, Plaintiff's claim under the Federal Reserve Act must be dismissed as well.

## CONCLUSION

For the reasons stated above, all of the Plaintiff's claims are without basis. The Complaint should be dismissed with prejudice in its entirety.

Dated: December 15, 2023                                  Respectfully submitted,

 /s/ Micah E. Ticatch
Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Defendant Navy Federal Credit Union*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of December 2023 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will serve a copy of the foregoing upon the following:

       Yuri Couto
       9302 N 28th St
       Tampa, FL 33612
       813-846-2395
       Email: Yuric96@yahoo.ca

       *Pro se Plaintiff*

          /s/ Micah E. Ticatch
       Micah E. Ticatch, Va. Bar No. 83351
       ISLER DARE, P.C.
       1945 Old Gallows Road, Suite 650
       Vienna, Virginia 22182
       (703) 748-2690
       (703) 748-2695 (fax)
       mticatch@islerdare.com

       *Counsel for Defendant*