IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| YURI COUTO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:23-cv-1546-MSN-LRV |
| | ) |
| NAVY FEDERAL CREDIT UNION | ) |
| | ) |
|     Defendant. | ) |
| | ) |

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendant Navy Federal Credit Union ("Navy Federal") hereby submits this memorandum in opposition to Plaintiff's "Motion to Strike Defendant's Answer and Challenge Authority of Alleged Agent" (Dkt. 11).

### BACKGROUND

1. *Pro se* Plaintiff filed his Complaint in this matter on November 13, 2023, alleging breach of three contracts and violations of the Federal Reserve Act.

2. Plaintiff did not properly serve Navy Federal, but rather transmitted process through the mail. *See* Dkt. 5; FRCP 4; Va. Code §8.01-296.

3. Navy Federal received the service package Plaintiff mailed on November 27, 2023. *See* Dkt. 5; U.S.P.S website.[1]

4. Despite improper service, on December 15, 2023, Navy Federal responded to the Complaint by filing a substantive Motion to Dismiss under Rule 12(b)(6). Dkt. 7.

---

[1] https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9589071052701338586713.

1

5. Even if Plaintiff's service had been proper, Navy Federal's motion constituted a timely response under Rule 12(a)(1)(A).

6. Because Navy Federal filed its Motion to Dismiss, it was not required to file an Answer to the Complaint and it did not do so. *See* FRCP 12(a)(4).

7. On December 22, 2023, Plaintiff filed his Motion to Strike Defendant's Answer (Dkt. 11) and Memorandum in Support of his Motion to Strike (Dkt.12).

8. To date, Plaintiff has failed to file an opposition brief to Navy Federal's Motion to Dismiss.

## ARGUMENT

**A.   Plaintiff's Motion to "Strike Answer" is Without Any Basis.**

Plaintiff's Motion to Strike Answer must be denied. As an initial point, Navy Federal did not file an Answer and, obviously, Plaintiff cannot seek to strike a pleading that was never filed.

As noted above, Navy Federal properly filed a Motion to Dismiss under FRCP 12, rather than an Answer. *See* Dkt. 7, 8. To the extent Plaintiff is actually seeking to strike the Motion to Dismiss, such a request is not permitted because the Motion to Dismiss is not a "pleading" under the Rules. *See Taylor v. Revature, LLC,* 2023 WL 6445857, at *5 (E.D. Va. 2023).

More importantly, even if Plaintiff were permitted to bring a motion to strike against Navy Federal's Motion to Dismiss, such a motion to strike could only be granted if there were somehow facts or issues raised in the Motion to Dismiss that were "outside the issues in the case, prejudicial to Plaintiff, or otherwise inappropriate." *Id.* (quoting *Hamilton v. Army Bd. for Corr.*, 2021 WL 9553007, at *8 (D.S.C. 2021), adopted 2022 WL 4481468 (D.S.C. 2022), *aff'd*, 2023 WL 3581703 (4th Cir. 2023)).

Navy Federal's Motion to Dismiss was addressed directly to the claims in the case and its contents were entirely appropriate. Plaintiff has failed to point to factual assertions in the Motion

2

to Dismiss that would justify striking it — because there are none. Consequently, Plaintiff's Motion to Strike must be denied.

**B.     To the Extent Plaintiff's Motion to Strike is Construed as an Opposition Brief to the Motion to Dismiss, it Fails to Identify Any Basis for Denying the Motion to Dismiss.**

To date Plaintiff has not filed an opposition brief to Navy Federal's Motion to Dismiss. To the extent he does not do so, the Court could find he has abandoned his claims. *See, e.g., Murphy v. Virginia,* 2023 WL 4627432, at *2 (E.D. Va. 2023); *Walker v. Mary Washington Healthcare,* 2017 WL 3262252, at *5 (E.D. Va. 2017).

Moreover, even if the Court deems the Motion to Strike to be the equivalent of an opposition brief, it should nevertheless grant Navy Federal's Motion to Dismiss. In its Memorandum in Support of the Motion to Dismiss, Navy Federal pointed out that Plaintiff's principal claim of breach of contract hinged on his baseless belief that by signing Navy Federal's account statements with the words "payable to bearer," those documents were somehow transformed into legal tender that Navy Federal was required to accept. There is no merit to this theory, and Navy Federal has cited numerous federal court cases rejecting similar claims in other cases. Dkt. 8 at 4 (citing *Hurt v. Exeter Fin., LLC*, 2023 WL 8088601, at *5 (E.D. Mo. 2023); *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 761 (W.D. Va. 2007), *aff'd*, 282 F. App'x 260 (4th Cir. 2008); *Hamzat v. Osvaldik*, 2023 WL 5321082, at *1 (E.D. Va. 2023); *France v. Mackey*, 2020 WL 6385562, at *6 (D.S.C. 2020), adopted, 2020 WL 6384640 (D.S.C. 2020); *Hennis v. Trustmark Bank*, 2010 WL 1904860, at *5 (S.D. Miss. 2010)).

Plaintiff has not cited any cases which hold differently, likely because there are no such cases. Consequently, his breach of contract claims regarding the Credit Card and Personal Loan should be dismissed with prejudice.

Even more starkly, Plaintiff has not offered any explanation for how he could possibly state a contract claim for a rejected loan *application;* nor how he could possibly assert a private claim under the Federal Reserve Act. Consequently, those claims should be dismissed with prejudice as well.

## CONCLUSION

Plaintiff's Motion to Strike should be denied and Plaintiff's Complaint should be dismissed with prejudice in its entirety.

Dated: January 5, 2024                                          Respectfully submitted,

 /s/ Micah E. Ticatch
Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Defendant Navy Federal Credit Union*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of January 2024 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will serve a copy of the foregoing upon the following:

> Yuri Couto
> 9302 N 28th St
> Tampa, FL 33612
> 813-846-2395
> Email: Yuric96@yahoo.ca
>
> *Pro se Plaintiff*

>     /s/ Micah E. Ticatch
> Micah E. Ticatch, Va. Bar No. 83351
> ISLER DARE, P.C.
> 1945 Old Gallows Road, Suite 650
> Vienna, Virginia 22182
> (703) 748-2690
> (703) 748-2695 (fax)
> mticatch@islerdare.com
>
> *Counsel for Defendant*