IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| YURI COUTO,<br><br>      *Plaintiff*,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>      *Defendant*. | No: 1:23-cv-1546 (MSN/LRV) |

**ORDER**

    This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. 7), Plaintiff's Motion to Strike (Dkt. 11), and Plaintiff's Motion for Summary Judgment (Dkt. 15). Having reviewed the motions, and finding that oral argument will not materially aid the Court's decisional process, the Court will dismiss this case.

    Plaintiff alleges breach of three contracts and violations of the Federal Reserve Act against Defendant Navy Federal Credit Union ("Navy Federal"). Plaintiff received a personal loan and credit card from Navy Federal, which have outstanding balances. Dkt. 1, p. 3; Dkt. 1-1 pp. 17, 34. On several occasions when Navy Federal has sent Plaintiff a copy of his account statement, showing amounts due and requesting payment, Plaintiff has responded by sending back a portion of the statement with his signature under the words "restricted indorsement, accepted for deposit" on one side and the words "accepted for deposit, payable to bearer" or similar language, on the other side. Dkt. 1-1, pp. 1-2, 6-11, 20-21, 25-28. It appears that Plaintiff alleges that each time he signs an account statement in this way, the statement becomes worth the very amount of the debt balance reflected on the statement. And as best as the Court can discern, Plaintiff's claims in this

1

case are premised on Navy Federal breaching a contract with him by not crediting his accounts for these signed account statements. Dkt. 1, pp. 3-4.

Plaintiff also applied for, and was denied, an auto loan in the amount of $500,000. Dkt. 1-1, p. 39. Plaintiff alleges this denial was a breach of contract. Dkt. 1, pp. 4-5. Finally, Plaintiff appears to allege a claim under Sections 23A and 29 of the Federal Reserve Act although it is difficult to decipher the theory behind this claim.[1]

Navy Federal filed a motion to dismiss for failure to state a claim on December 15, 2023. Dkt. 7. The motion contained a Roseboro notice, which warned Plaintiff, proceeding *pro se*, that he had twenty-one (21) days to submit evidence regarding the motion to dismiss, and if he fails to file a response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute. *Id*. The motion to dismiss was served on the Plaintiff via a notification from the CM/ECF system, as the Court had granted Plaintiff's Motion for Pro Se E-Noticing. *See* Dkt. 4. Plaintiff has not filed a response to Defendant's motion to dismiss. Instead, Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss (Dkt. 11),[2] and later a Motion for Summary Judgment (Dkt. 15), solely on the basis that "[t]he alleged attorney claiming to represent Defendant has established zero authority of any agency."[3]

Even if the Court were to construe Plaintiff's subsequent filings as oppositions to Navy Federal's motion, Defendant is correct that Plaintiff has failed to state a claim. "One cannot pay a debt by writing 'pay to the bearer' and 'accepted' on a piece of paper, nor turn such into an agreement or a 'security instrument.'" *Hurt v. Exeter Fin., LLC*, 2023 WL 8088601, at *5 (E.D.

---

[1] Among other things, Plaintiff seeks $200 billion in damages related to the auto loan application, cancellation of his debts to Navy Federal, a $300 million limit on his credit card, and 20% of Navy Federal's total assets. Plaintiff appears to have filed a variety of similar claims in other federal courts. *See Cuoto v. JPMorgan Chase & Co.*, 1:23-cv-9306 (S.D.N.Y. 2023); *Couto v. American Express Co.*, 1:23-cv-10085 (S.D.N.Y. 2023); *Couto v. USAA Federal Savings Bank*, 5:23-cv-1389 (W.D. Tex. 2023); *Couto v. Teco Energy, Inc.*, 8:23-cv-2689 (M.D. Fla. 2023).
[2] This motion was improper because Defendant had not yet filed an answer, and a motion to dismiss is not a "pleading" under the Rules. *See Taylor v. Revature, LLC*, 2023 WL 6445857, at *5 (E.D. Va. 2023).
[3] The Court has no concerns regarding counsel's representation of Defendant; moreover, Plaintiff's accusations would not be a basis for granting him summary judgment.

Mo. 2023). It is not plausible that Navy Federal agreed to accept Plaintiff's signed account statements as if they were legal tender, and therefore Plaintiff has not alleged that Navy Federal breached an agreement. Nor has Plaintiff alleged an enforceable contract related to the auto loan application—because Navy Federal denied the application, there is no enforceable contract. Finally, there is no private right of action under Section 23A or Section 29 of the Federal Reserve Act. *See, e.g.*, *White v. Lake Union Ga Partners LLC*, 2023 WL 6036842, at *2 (N.D. Ga. 2023). There is simply no plausible basis for any of Plaintiff's claims.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 7) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motion to Strike (Dkt. 11) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 15) is **DENIED**; and it is further

**ORDERED** that the complaint (Dkt. 1) is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to remove the hearings scheduled for January 19, 2024, from the docket and to close this civil action.

**SO ORDERED**.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
January 16, 2024

3