UNITED STATES DISTRICT COURT
EASTERN DISTRICT of VIRGINIA



YURI COUTO,

an individual,

-against-

NAVY FEDERAL CREDIT UNION,
a Virginia corporation.

Serve on Alleged Agent:

ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, VA 22182

Case 1:23-CV-01546-MSN-LRV

# Memorandum Affidavit of Fact in Support of Plaintiff's Motion for Summary Judgment

### Section A: Facts

Plaintiff states the following for the record:

1. With regards to agency,

   a. The Defendant has been challenged on the record to prove authority of its alleged agent.

    b. The Defendant has of yet not satisfied in any capacity the required proof of authority for an alleged agent to act on behalf of or represent the Bank in this action.

2. With regards to the Plaintiff's credit card and loan accounts and applications,

    a. The Defendant has at the time of this filing unilaterally closed Plaintiff's account, despite Plaintiff's instructions, and retained possession of all Plaintiff's equity and interest from his deposited investments, in violation of fiduciary duty to the Account Holder.

    b. All credits and security instruments invested into the account were deposited by the Plaintiff, who has claimed title to all the rights, equity and interest of those credits and instruments in a series of documented letters to the Defendant (Complaint Exhibits P-21, P-18, P-20).

3. The Bank has defaulted on its performance owed to the Principal for the auto loan application by not delivering any of the notes applied for to the Account Holder.

    a. Similarly, the Bank has defaulted on the Principal's personal loan, by failing to apply the **total** of all payments made from all instruments delivered to the Bank by the Principal (including failing to return the **overpayments** by crediting to Plaintiff's Account).

    b. And likewise, the Bank defaulted on Principal's credit card account by deceptively demanding additional bill payments after Principal's account payments, then unilaterally enforcing unconscionable contract clauses such as account closures and card disabling.

4. Plaintiff has paid and performed in full all contractual obligations, including payment of all accounts. Navy Federal ("NFCU") has received payment many times over in full by numerous indorsed coupon instruments and notes for Plaintiff's accounts which were delivered to and accepted by NFCU for deposit. The value of all such instruments, plus interest, is owed to the Principal.

5. Defendant appears to think Principal is merely signing statements, but he is rather accepting and indorsing the instruments, **which are valuable in themselves as payable to bearer**, for deposit for set-off of Principal's account, as is stated in Plaintiff's multiple letters of instruction.

6. Regarding the relief sought:

    a. Relief may include, in addition to the Plaintiff's sought relief, any such other relief as the Court may find just and proper.

    b. Plaintiff does not seek "cancellation of Plaintiff's debts to Navy Federal," but rather seeks set-off and continued functionality of the account, specifically of the credit card revolving account, with the new features as outlined in the Relief section of the Complaint.

    c. Defendant may choose only either interest rate approved by Plaintiff for the auto loan, namely 0% (zero) or 5,730,000%.

    d. Plaintiff seeks an order from the Honorable Court enjoining "20% of Navy Federal's total assets" to be paid **to the U.S. Treasury, through violation of the Federal Reserve Act by breaching fiduciary duty as a member bank or institution-affiliated party pursuant to 12 USC 504 – Civil money penalty.**

7. Plaintiff has rights in this matter, Navy Federal has duties to complete for the Plaintiff (the "Principal").

8. Plaintiff's Service of process was completed to the Defendant by USPS certified mail 9589 0710 5270 1338 5867 13 pursuant to Fed. R. Civ. Proc. Rule 4(a)(1)(E) **which notified the defendant that a failure to appear and defend will result in a default judgment against defendant for the relief demanded in the Complaint**; which was signed by the clerk and bore the court's seal.

9. Such Service was followed by Plaintiff's affidavit proof of service to the Honorable Court by USPS first class mail postmarked 11/26/23, which was filed 12/4/23.

10. Principal is owed equity and interest in all contracts for each account relevant in this action.

11. Plaintiff's claim is breach of contract and fiduciary duty for all accounts at hand, which Plaintiff has rights to bring in this Action. Relief is due as outlined in the Complaint.

### Section C: Law and Assessments

1. UCC 3-603 TENDER OF PAYMENT

2. A liberal pleading need not excuse a failure in the pleading where no such failure exists. (Ref. Nomani v. Qarni, 2023 WL 4203438, at *2 (E.D. Va. 2023)).

3. **BREACH OF CONTRACT:**

   (1) Defendant has existing contracts with Plaintiff, and is holding custody of Principal's investments and equity. (2) Such contracts have obligations due on both parties. (3) Plaintiff has performed his own contractual obligations by delivery of value to

Defendant for account settlements or loans. **(4) Defendant breached contract by not applying Principal's payments to Principal's accounts,** as evidenced in Exhibit P-19 of the Complaint, and Defendant's continual "past due" notices as shown in Exhibit P-17 of the Complaint, and their "debt validation" letters (Exhibit P-16, Complaint), which **(5) Damaged Plaintiff by the following way:**

4. **DAMAGES AND RELIEF:**

   Cutting off Plaintiff's credit card account, when Plaintiff was experiencing similar breaches of contract with other banks and credit card companies, **which ultimately resulted in Plaintiff having <u>no functional credit card</u>** and having to rely purely on limited veteran disability income, which affected Plaintiff deeply, profoundly, spiritually, in a capacity and depth that is incomprehensible to the human intellect **however for the purpose of resolution of this claim** shall be determined to be exactly **<u>$100 Trillion dollars</u>** (the "Settlement Relief Amount"), and an infinite credit line credit card with unlimited additional card members, and checking's bank account with unlimited joint account holders as determined solely by the Principal, and a private, deluxe banking relationship with the Bank and its agents.

5. **FEDERAL RESERVE ACT**

   All orders (checks and bills) and promises to pay (notes) are exchangeable dollar-for-dollar for federal reserve notes pursuant to Section 16, Federal Reserve Act.

Section D: Affidavit

I, Yuri-Jacintho: Couto, an agent representing the Plaintiff *pro se*, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | |
|---|---|
| /s/ Couto, Yuri-Jacintho, Agent without prejudice | Date: January 10, 2024 |

YURI J COUTO
9302 N 28th St
Tampa, FL 33612
Hillsborough County
813-846-2395
Yuric96@yahoo.ca

## **CERTIFICATE OF SERVICE**

I declare under penalty of perjury under the laws of the United States of America that this document has been served upon the Defendant as required by the FRCP, and that Defendant has received and accepted a voucher (Exhibit P-23) on December 26, 2023 for pre-payment of all settlement funds, which may be drawn on by Navy Federal Credit Union to deliver the full Settlement Relief Amount (**One hundred Trillion dollars, $100,000,000,000,000.00**) to Plaintiff's Account XXXXXX6660. Service to defendant is made by mailing of the instrument and motion documents by express USPS mail, tracking number **EK838977733US** and electronic pdf mail of the digital versions of the same to attorney's service email address of record.

| | |
|---|---|
| 1/10/2024 | /s/ Couto, Yuri-Jacintho, Agent without prejudice |
| Dated | Plaintiff's Signature |

Couto v. Navy Federal Credit Union                                                                 Page | 6 of 6